No. 24-1739

## UNITED STATES COURT OF APPEALS
### For The First Circuit

ST. DOMINIC ACADEMY, d/b/a Roman Catholic Bishop of Portland, a corporation sole; ROMAN CATHOLIC BISHOP OF PORTLAND; KEITH RADONIS, on their own behalf and as next friend of children K.Q.R, L.R.R., and L.T.R; VALORI RADONIS, on their own behalf and as next friend of children K.Q.R, L.R.R., and L.T.R.,

Plaintiffs-Appellants,

v.

A. PENDER MAKIN, in their personal capacity and official capacity as the Commissioner of the Maine Department of Education; JEFFERSON ASHBY, in their personal capacity and official capacity as the Commissioner of the Maine Human Rights Commission; EDWARD DAVID, in their personal capacity and official capacity as the Commissioner of the Maine Human Rights Commission; JULIE ANN O'BRIEN, in their personal capacity and official capacity as the Commissioner of the Maine Human Rights Commission; MARK WALKER, in their personal capacity and official capacity as the Commissioner of the Maine Human Rights Commission; THOMAS L. DOUGLAS, in their personal capacity and official capacity as the Commissioner of the Maine Human Rights Commission,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE (CASE NO. 2:23-CV-00246-JAW)

**SUR-REPLY BRIEF OF DEFENDANTS-APPELLEES**

AARON M. FREY
Attorney General

CHRISTOPHER C. TAUB
Chief Deputy Attorney General
SARAH A. FORSTER
Assistant Attorney General
Six State House Station
Augusta, ME  04333-0006
(207) 626-8800
Attorneys for Defendants-Appellees

# TABLE OF CONTENTS

Table of Authorities ................................................................................... ii

Introduction ............................................................................................... 1

Argument ................................................................................................... 1

Conclusion ................................................................................................. 5

Certificate of Service ................................................................................. 7

# TABLE OF AUTHORITIES

**CASES**

*United States v. Dunston*, 851 F.3d 91 (1st Cir. 2017)..........................................1

**STATUTES**

5 M.R.S. § 4603 ......................................................................................................2

5 M.R.S. § 8052(1) .................................................................................................3

5 M.R.S. § 8052(7)(B) ............................................................................................3

5 M.R.S. § 8053 ......................................................................................................3

5 M.R.S. § 8056(1)(A) ............................................................................................3

Maine Pub. L. 2023, ch. 188 ...................................................................................4

## Introduction

Appellants attached to their Reply Brief an addendum containing two documents obtained via Maine's Freedom of Access Act and never presented to the district court.[1] Appellants concede that these documents "are not part of the record on appeal," Reply Brief, 6 n.2, and they do not claim that the documents are capable of judicial notice. Further, because this is the first time these documents have appeared in this litigation, there is no testimony or other evidence to put these documents in context. The Court should thus disregard them. If the Court were to consider them, the documents have no bearing on any issue in dispute. One document is proposed revisions to a rule sent to legal counsel for review and never formally proposed. The other document simply confirms what Appellees told the district court – that it was litigation that brought to light a definitional oddity in the Maine Human Rights Act ("MHRA") making single-sex schools exempt from prohibitions against most forms of discrimination.

## Argument

"As a general matter, [this Court] do[es] not consider evidentiary materials that were not proffered in the district court." *United States v. Dunston*, 851 F.3d

---

[1] Appellees submit this brief pursuant to the Order dated December 2, 2024 permitting Appellees to file a "conditional sur-reply of up to five pages setting forth any points they would make in response to the addendum, should the court take judicial notice of it."

91, 105 (1st Cir. 2017). Appellants did not present below the two documents attached to their Reply Brief, nor do they claim that they were unaware of the documents until now. It was Appellants who decided to take an immediate appeal of the denial of their preliminary injunction motion rather than seeking to further develop the factual record. The Appellees have had no opportunity to provide factual context or explanation for the documents. Finally, Appellants make no effort to argue that the Court can take judicial notice of the documents. Accordingly, the Court should not consider them.

If the Court were to consider the documents, they do not bolster any of Appellants' arguments. The first document is an email chain with proposed revisions to a rule addressing educational discrimination. Reply Brief, Ex. A. Pursuant to 5 M.R.S. § 4603, the Commissioner of the Department of Education ("DOE") and the Maine Human Rights Commission ("MHRC") have joint rule-making authority to promulgate rules implementing the MHRA's educational provisions. On March 22, 2022, counsel for the MHRC sent to a DOE Associate Commissioner proposed revisions to the existing joint rule. The DOE Associate Commissioner then forwarded the draft to the Assistant Attorney General ("AAG") assigned to represent DOE (and who is also one of the undersigned counsel) and asked the AAG to review the draft. The document does not reflect what feedback, if any, the AAG provided.

Appellants focus on one provision in the draft requiring that human sexuality courses include information "that treats all sexual orientations and gender identities as equally valid" and declaring it to be a violation of the MHRA to suggest that one sexual orientation or gender identity is superior to another. Reply Brief, 6-7 n.2. Appellants argue that this belies Appellees' claim that the MHRA does not "limit St. Dominic's expression" or prevent St. Dominic from "teach[ing] students however it likes." *Id*.

The obvious flaw in this argument is that the proposed revisions are just that – proposed revisions. Appellants concede that the revisions have not been adopted. *Id*. Nor is there anything suggesting that the revised version of the rule will be adopted. It was sent to legal counsel for review in May 2022. *See* Ex. A. Significantly, more than 2 ½ years later, the rule has not been promulgated. And because this is the first time this document has appeared in the litigation, there is no factual context. If Appellees had been given an opportunity to provide that context, they could have addressed such matters as whether the MHRC or DOE Commissioner ever approved the proposed revisions, whether the revised rule was ever noticed for public comment, 5 M.R.S. §§ 8052(1), 8053, or whether the Attorney General reviewed the rule as to form and legality. 5 M.R.S. §§ 8052(7)(B), 8056(1)(A).

Nor does the document support Appellants' claim that the proposed revisions reflect the views of the MHRC regarding the scope of the MHRA. The document makes clear that it was MHRC's counsel who drafted the revisions. *See* Ex. A. There is nothing suggesting that the MHRC itself provided input or was involved in preparing or reviewing the proposed revisions.

The second document is an email from the MHRC's counsel to undersigned counsel attaching a draft bill eliminating the exclusion of single-sex schools from the definition of "educational institution." *See* Reply Brief, Ex. B. As Appellees explained in their initial brief, only discrimination based on sex was prohibited when the MHRA's education provisions were first enacted. Appellant Br., 8. The definition of "educational institution" excluded single-sex schools, presumably so that such schools could continue to exist. *Id*. But as other forms of educational discrimination were prohibited, the definition was, for the most part, not updated. This was likely a mistake inasmuch as it is difficult to imagine any rational basis for allowing single-sex schools to discriminate based on, for example, race and national origin. The bill attached to MHRC's counsel's email struck the exclusion of single-sex schools from the definition of "educational institution," and the bill was subsequently enacted. Maine Pub. L. 2023, ch. 188.

The district court rejected Appellants' claim that the change to the definition was a "litigation-driven decision" and noted that Appellants presented no evidence

4

rebutting Appellees' explanation that the change was "to correct a 'mistake' in the statutory scheme." ADD60. Appellants now try to present such evidence, but it gets them nowhere. Below, Appellants readily acknowledged that it was related litigation that brought the mistake to light. PI Opp., at 14 (ECF 25) ("While Plaintiffs refer to this as a 'litigation-driven decision,' . . . it is clear, as discussed above, that the exemption for single-sex schools was simply a mistake, which has now been corrected. The correction was 'litigation-driven' only in the sense that litigation brought the mistake to light."). Specifically, on March 27, 2023, Crosspoint Church filed a lawsuit challenging application of the MHRA's educational provisions to the religious school it operates and alleging that the provisions were not generally applicable because single-sex schools were mostly exempt. *See* Complaint, ¶ 105 in *Crosspoint Church v. Makin*, 1:23-cv-00146, ECF No. 1. This led to immediate efforts to amend the definition of "educational institution," not as a litigation tactic, but to correct what was obviously a mistake.

## Conclusion

For the reasons discussed above, Appellees respectfully request that the Court affirm the district court's denial of St. Dominic's preliminary injunction motion.

Dated: December 11, 2024  
Augusta, Maine

Respectfully submitted,

AARON M. FREY  
Attorney General

<u>s/ Christopher C. Taub</u>  
CHRISTOPHER C. TAUB  
Chief Deputy Attorney General  
Bar Number 65217  
SARAH A. FORSTER  
Bar Number 63176  
Six State House Station  
Augusta, ME  04333-0006  
(207) 626-8800  
Attorneys for Defendants-Appellees

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(d), I, Christopher C. Taub, Chief Deputy Attorney General for the State of Maine, hereby certify that on this, the 11th day of December, 2024, I filed the above brief electronically via the ECF system. I further certify that on this, the 11thday of December, 2024, I served the above brief electronically on the following party, who is an ECF Filer, via the Notice of Docket Activity:

- James B. Haddow
  jhaddow@pmhlegal.com

- Adele Keim
  akeim@becketlaw.org

- Mark L. Rienzi
  mrienzi@becketlaw.org

- Benjamin Fleshman
  bfleshman@becketlaw.org

- Michael Joseph O'Brien
  mobrien@becketlaw.org

<u>s/ Christopher C. Taub</u>
Christopher C. Taub
Chief Deputy Attorney General
Christopher.C.Taub@maine.gov
Bar No. 65217
Six State House Station
Augusta, Maine  04333-0006
(207) 626-8800