**BECKET**
*Religious Liberty for All*

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 *@becketfund*
www.becketfund.org

June 9, 2025

**VIA CM/ECF**

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2500
Boston, MA 02210

Re:   *St. Dominic Academy v. Makin,* No. 24-1739
      Notice of Supplemental Authority

*Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Commission*, No. 24-154 (U.S. June 5, 2025).

Dear Ms. Dubrovsky:

  Appellants respectfully submit this notice regarding *Catholic Charities Bureau v. Wisconsin*. Writing for a unanimous Supreme Court, Justice Sotomayor concluded that Wisconsin's unemployment insurance regime failed strict scrutiny because it was "vastly underinclusive." Ex. A at 13. "Wisconsin exempts over 40 forms of 'employment'" from its program. *Id.* And "those exemptions cover religious entities that provide charitable services in a similar manner to" Catholic Charities, but "are exempt because the work is done directly by the church itself," instead of by a separately incorporated nonprofit. *Id.* at 13-14. "That underinclusiveness leaves appreciable damage to [the State's] supposedly vital interest unprohibited." *Id.* at 14. (internal quotation marks omitted).

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

Maine's nondiscrimination rules are likewise "vastly underinclusive," exempting both out-of-state schools and private postsecondary schools that receive state funds. Br.33. This underinclusiveness "belies the State's claim of narrow tailoring." Ex. A at 14.

*Catholic Charities* also held that Wisconsin violated the Constitution by "differentiating between religions based on theological choices." *Id.* at 11. Maine has violated this rule twice over.

First, during *Carson*, Maine amended the MHRA to exclude the *Carson* schools from its program because of their theological choices about admissions, hiring, and student life. Br.10-12. *Catholic Charities* prohibits Maine from excluding schools for such "inherently religious choices" about how they "limit[] their services." Ex. A at 10.

Second, in this lawsuit, Maine asserted that Cheverus High School's participation in town tuitioning under its Jesuit "interpretation of the Catholic faith" should "control" for Diocesan schools that draw different theological lines. ADD50. This is "textbook [intra-]denominational discrimination." Ex. A at 9. *Catholic Charities* prohibits Maine from acting on a "preference for certain religions based on the commands of their religious doctrine." *Id.* at 11.

"When the government distinguishes among religions based on theological differences in their provision of services, it imposes a denominational preference that must satisfy the highest level of judicial scrutiny." *Id.* at 15. Maine "has transgressed that principle" and failed to maintain the neutrality that the Constitution requires. *Id. Catholic Charities* requires reversal.

Word Count: 333

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Adèle Keim |
| JAMES B. HADDOW | ADÈLE AUXIER KEIM |
| PETRUCCELLI, MARTIN & | *Counsel of Record* |
|  HADDOW LLP | Mark L. Rienzi |
| Two Monument Square | Benjamin A. Fleshman |
|  Suite 900 | Michael J. O'Brien |
| Portland, ME 04112 | Amy Ren |
| (207) 775-2360 | THE BECKET FUND FOR |
|  |  RELIGIOUS LIBERTY |
|  | 1919 Pennsylvania Ave. N.W., |
|  |  Ste. 400 |
|  | Washington, DC 20006 |
|  | (202) 955-0095 |
|  | *akeim@becketfund.org* |

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record (by ECF notification)