AARON M. FREY
ATTORNEY GENERAL

TEL: (207) 626-8800
TTY USERS CALL MAINE RELAY 711



STATE OF MAINE
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA, MAINE 04333-0006

REGIONAL OFFICES
84 HARLOW ST. 2ND FLOOR
BANGOR, MAINE 04401
TEL: (20) 941-3070
FAX: (207) 941-3075

415 CONGRESS ST., STE. 301
PORTLAND, MAINE 04101
TEL: (207) 822-0260
FAX: (207) 822-0259

14 ACCESS HIGHWAY, STE. 1
CARIBOU, MAINE 04736
TEL: (207) 496-3792
FAX: (207) 496-3291

October 2, 2025

**Via ECF Filing**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

    RE:    *St. Dominic Academy v. Makin*
             Appeal No. 24-1739
             Notice of Supplemental Authority Pursuant to Fed. R. App. P. 28(j)

Dear Ms. Dubrovsky:

      I am writing to advise the Court of the Tenth Circuit's decision in *St. Mary Catholic Parish in Littleton v. Roy*, No. 24-1267, 2025 WL 2778161 (10th Cir. Sept. 30, 2025). There, a law required preschools, as a condition for receiving state funds, to not discriminate on various bases, including religion, sexual orientation, and gender identity. *Id*., *1. Catholic parishes operating preschools (along with parents wishing to send their children to those schools) brought a First Amendment challenge to the requirement. *Id*., *3. The Tenth Circuit held that the nondiscrimination requirement did not violate the plaintiff's free exercise of religion or freedom of association rights, stating: "[W]hen a school takes money from the state that is meant to ensure universal education, then its doors must be open to all." *Id*., *17.

      The court distinguished the case from *Carson v. Makin*, 596 U.S. 767 (2022), *Espinoza v. Montana Dep't of Revenue*, 591 U.S. 464 (2020), and *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449 (2017), noting that faith-

based preschools were not excluded from receiving public funds, but instead were simply subject to the nondiscrimination requirement, "which applies to all preschools regardless of whether they are religious or secular." *Id*., *7. The court concluded that the requirement was neutral because it was not intended to suppress religion. *Id*., *9-11. It was generally applicable because government officials had no ability to grant individual exemptions and it did not exempt secular conduct in a way that undermined in the same way the state's interests. *Id*., *11-16. *See* Appellees' Br., 29-38.

The court also concluded that the nondiscrimination requirement did not violate plaintiffs' freedom of expressive association. The court found that the presence of certain students would not affect the schools' "ability to advocate for their viewpoint," that no one would mistake the views of the students for those of the schools, and that accepting plaintiffs' argument would "contradict the Supreme Court's holding in *Runyon v. McCrary* [427 U.S. 160, 175-76 (1976)] that expressive association does not protect a school's right to discriminate in admissions." *Id*., *17-18. *See* Appellees' Br., 44-49.

Very truly yours,

/s/ Christopher C. Taub
Christopher C. Taub
Chief Deputy Attorney General

Word count: 349

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October, 2025, I filed the above document electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record who are registered CM/ECF users.

/s/ Christopher C. Taub