BECKET
Religious Liberty for All

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 @becketfund
www.becketfund.org

October 2, 2025

**VIA CM/ECF**

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2500
Boston, MA 02210

**Re: *St. Dominic Academy v. Makin,* No. 24-1739
Response to October 2, 2025 Notice of Supplemental Authority**

Dear Ms. Dubrovsky:

Defendants misplace their reliance on *St. Mary Catholic Parish in Littleton v. Roy*, No.24-1267, 2025 WL 2778161 (10th Cir. Sep. 20, 2025). That case is readily distinguishable for several reasons.

First, the Tenth Circuit held that Colorado's prohibition on sexual orientation discrimination was generally applicable because exemptions to *separate* portions of the antidiscrimination law did not undermine the state's asserted interest regarding the sexual orientation provision. *See id*. at *15. Here, however, Maine categorically exempts out-of-state high schools and in-state postsecondary schools from the *exact same* provisions that Plaintiffs have challenged. *See* Br.27. These exemptions undermine Maine's asserted interest in preventing discrimination in publicly funded schools. *See id*. at 27-28.

Second, the Tenth Circuit did not consider whether the rule against denominational favoritism, recently reiterated in *Catholic Charities*



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

*Bureau v. Wisconsin*, applied in *St. Mary*. It certainly applies here, where Maine has expressly preferenced Cheverus's practices over those of Diocesan schools. *See* Br.21; Reply.Br.8; *Catholic Charities* 28(j) letter.

Third, the Tenth Circuit also failed to consider the impact of *Mahmoud v. Taylor*, which requires this Court to skip the neutral-and-generally-applicable analysis for cases (like this one) implicating the right of parents to direct the religious upbringing of their children. *See* Br.36; *Mahmoud* 28(j) letter.

Fourth, the Tenth Circuit did not address any claims arising under the church autonomy doctrine. *See St. Mary*, 2025 WL 2778161, at *4 n.5. This doctrine provides an independent basis for ruling in Plaintiffs' favor in this case because Maine's law impermissibly intrudes on matters of internal church governance. *See* Br.47-53; Reply.Br.22-26.

Fifth, the Tenth Circuit mistakenly relied on *Runyon v. McCrary*, 427 U.S. 160 (1976). That case specifically did "not present any question of the right of a private school to limit its student body … to adherents of a particular religious faith." *Id.* at 167. It thus does not apply here, where the Diocesan schools ask only that they be allowed to run their admissions and internal operations in a manner consistent with their Catholic faith.



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

Word Count: 332

Respectfully submitted,

/s/ Adèle Keim

ADÈLE AUXIER KEIM
*Counsel of Record*
Mark L. Rienzi
Benjamin A. Fleshman
Michael J. O'Brien
THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W., Ste. 400
Washington, DC 20006
(202) 955-0095
*akeim@becketfund.org*

JAMES B. HADDOW
PETRUCCELLI, MARTIN & HADDOW LLP
Two Monument Square Suite 900
Portland, ME 04112
(207) 775-2360

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record (by ECF notification)