**BECKET**

*Religious Liberty for All*

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 *@becketfund*
www.becketfund.org

October 3, 2025

VIA CM/ECF

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2500
Boston, MA 02210

Re:   *St. Dominic Academy v. Makin,* No. 24-1739
      Notice of Supplemental Authority

   *Mid Vermont Christian Sch. v. Saunders*, No. 24-1704, 2025 WL 2599463 (2d Cir. Sep. 9, 2025).

Dear Ms. Dubrovsky:

   Appellants respectfully submit this notice regarding *Mid Vermont Christian School v. Saunders.* The Second Circuit held that Vermont's expulsion of a religious school from state-sponsored extracurricular activities for its religiously grounded refusal to field girls' sports teams against biological males was not neutral under the Free Exercise Clause. Ex. A at 3-4.

   First, the Second Circuit explained that the Free Exercise Clause is triggered "upon even slight suspicion" that religious exclusions "stem from animosity to religion or distrust of its practices." *Id.* at 13 (quoting *Lukumi*, 508 U.S. at 547. The preliminary record sufficiently supported such suspicion. A state education official chastised the school for "blatant discrimination under the guise of religious freedom," bemoaned that "religious schools 'don't follow the same rules as public schools,'" and "[a]dvocat[ed] for a bill that would block private, religious schools from

1

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

receiving public funding" before the expulsion decision. *Id.* at 14-15. State decisionmakers expressed disagreement with the "substance" of the school's religious conclusions by opining that BYU does not "compromise [its] Mormon faith" when it "play[s] Notre Dame," so the same should go for competitions with transgender athletes. *Id.* at 15-16. And the "severity" of the state's punishment—total exclusion—starkly departed from a history of allowing religious schools to participate in extracurricular activities with public schools. *Id.* at 16-17. All this meant that the school's "religious objection 'was not considered with the neutrality that the Free Exercise Clause requires.'" *Id.* at 17-18 (quoting *Masterpiece*, 584 U.S. at 639.

Second, the Second Circuit held that, because Vermont's hostility flunked "the minimum requirement of neutrality," its exclusion was "per se invalid" without resort to strict scrutiny. *Id.* at 18.

Maine's exclusionary law violates Plaintiffs' free exercise rights for the same reasons. The law facially discriminates against religion and was accompanied by official expressions of hostility akin to those in *Saunders*. Br.22-26. Maine has questioned the validity of Diocesan religious beliefs in favor of Cheverus's practices. Reply.Br.7-8. And Maine's present exclusion defies earlier history allowing religious schools to participate in town tuitioning. Br.6, 12. This non-neutral exclusion must be rejected without further scrutiny. Br.24-26.



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

Word Count: 348

|  | Respectfully submitted, |
|---|---|
|  | /s/ Adèle Keim |
| JAMES B. HADDOW | ADÈLE AUXIER KEIM |
| PETRUCCELLI, MARTIN & | *Counsel of Record* |
|   HADDOW LLP | Mark L. Rienzi |
| Two Monument Square | Benjamin A. Fleshman |
|   Ste. 900 | Michael J. O'Brien |
| Portland, ME 04112 | THE BECKET FUND FOR |
| (207) 775-2360 |   RELIGIOUS LIBERTY |
|  | 1919 Pennsylvania Ave. N.W., |
|  |   Ste. 400 |
|  | Washington, DC 20006 |
|  | (202) 955-0095 |
|  | *akeim@becketfund.org* |

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record (by ECF notification)