**BECKET**
*Religious Liberty for All*

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 *@becketfund*
www.becketfund.org

October 6, 2025

VIA CM/ECF

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2500
Boston, MA 02210

Re:   *St. Dominic Academy v. Makin,* No. 24-1739
      Notice of Supplemental Authority

  *McRaney v. North Am. Mission Bd. of the S. Baptist Convention, Inc.*, __ F.4th __, 2025 WL 2602899 (5th Cir. Sep. 9, 2025).

Dear Ms. Dubrovsky:

  Appellants respectfully submit this notice regarding *McRaney v. North American Mission Board of the Southern Baptist Convention*. The Fifth Circuit held that a former employee's claims against his religious employer's affiliate were barred "under both general church autonomy principles and the ministerial exception." Ex. A at 36.

  The Fifth Circuit explained that the church autonomy doctrine "guarantees to religious institutions 'independence in matters of faith and doctrine and in closely linked matters of internal government.'" *Id.* at 9 (quoting *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 747 (2020)). "Even the 'very process of inquiry' into a church's internal affairs can 'impinge on rights guaranteed by the [First Amendment].'" *Id.* at 10 (quoting *NLRB v. Catholic Bishop of Chi.*, 440 U.S. 490, 502 (1979)). The church autonomy doctrine thus forbids the government from deciding (or even intervening in) "matters of church

1

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

governance, including church discipline and the church's understanding of its own membership." *Id.* at 16. Moreover, "[w]here the church autonomy doctrine applies, its protection is total." *Id.* at 19.

Maine's law violates the church autonomy rights of the Bishop and Diocesan schools throughout Maine because it gives the Commission ultimate authority over deeply religious questions that the State lacks authority to decide. *See* Br.47-53. The MHRA dictates Diocesan schools' "understanding of [their] own membership," Ex. A at 16, by forbidding them from preferencing Catholic students in their admissions. Br.48. The MHRA dictates matters of "church discipline," Ex. A at 16, by (1) forcing Diocesan schools to hire and retain individuals whose beliefs and actions regarding sex, gender, and marriage are inconsistent with Catholic teachings; (2) forcing Diocesan schools to handle issues regarding gender identity and sexual orientation in a manner that is inconsistent with Catholic teachings; and (3) restricting the schools' ability to limit non- or anti-Catholic religious expression on campus. Br.48-53. And the MHRA opens Diocesan schools up to intrusive investigations so that the Commission can assure itself that the schools are in compliance with these requirements. Br.49-50. All of this violates the First Amendment.



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

Word Count: 339

|  | Respectfully submitted, |
|---|---|
|  | /s/ Adèle Keim |
| JAMES B. HADDOW | ADÈLE AUXIER KEIM |
| PETRUCCELLI, MARTIN & | *Counsel of Record* |
|   HADDOW LLP | Mark L. Rienzi |
| Two Monument Square | Benjamin A. Fleshman |
|   Ste. 900 | Michael J. O'Brien |
| Portland, ME 04112 | THE BECKET FUND FOR |
| (207) 775-2360 |   RELIGIOUS LIBERTY |
|  | 1919 Pennsylvania Ave. N.W., |
|  |   Ste. 400 |
|  | Washington, DC 20006 |
|  | (202) 955-0095 |
|  | *akeim@becketfund.org* |

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record (by ECF notification)