AARON M. FREY
a ATTORNEY GENERAL

TEL: (207) 626-8800
TTY USERS CALL MAINE RELAY 711



STATE OF MAINE
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA, MAINE 04333-0006

REGIONAL OFFICES
84 HARLOW ST. 2ND FLOOR
BANGOR, MAINE 04401
TEL: (20) 941-3070
FAX: (207) 941-3075

415 CONGRESS ST., STE. 301
PORTLAND, MAINE 04101
TEL: (207) 822-0260
FAX: (207) 822-0259

14 ACCESS HIGHWAY, STE. 1
CARIBOU, MAINE 04736
TEL: (207) 496-3792
FAX: (207) 496-3291

March 5, 2026

**<u>Via ECF Filing</u>**

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

  RE: *St. Dominic Academy v. Makin*
     Appeal No. 24-1739
     Response to March 4, 2026 Notice of Supplemental Authority

Dear Ms. Dubrovsky:

 At issue in *Mirabelli v. Bonta*, No. 25A810, 2026 WL 575049 (U.S. Mar. 2, 2026) was a Free Exercise Clause challenge brought by teachers and parents to a state-issued policy requiring schools to conceal from parents information about their children's gender transitioning and to use children's preferred pronouns. The Ninth Circuit stayed the district court's injunction. The Supreme Court concluded that the parents were likely to succeed on the merits of their claim and vacated the stay only as to them.

 Here, there is no policy prohibiting schools from sharing information with parents. The MHRC has simply issued guidance that a school's refusal to use preferred pronouns may be a MHRA violation and that schools should abide by the wishes of students "whenever possible." JA, 71-72. No court has considered whether this is a correct interpretation of the MHRA. Even if the MHRA does require the use of preferred pronouns, and if a court were to determine that such a requirement is unconstitutional, the result would be that the requirement is not

Anastasia Dubrovsky, Clerk
March 5, 2026
Page 2

enforceable. It would not mean that schools cannot be required to comply with other aspects of the MHRA.

Finally, in *Mirabelli*, the Supreme Court did not find that the policy at issue violated teachers' constitutional rights. So, the case provides no support for St. Dominic's claim that its rights would be violated if it were forced to use students' preferred pronouns. Complaint, ¶¶ 142-146. And the parents in this case do not allege that their rights would be violated if their children were addressed by their preferred pronouns. Rather, they allege only that their religious beliefs compel them to provide a Catholic education for their children, and that prohibiting them from using public funds to send their children to a Catholic school would interfere with their right to direct the religious upbringing of their children. Complaint, ¶¶ 213-222.[1]

In sum, *Mirabelli* provides no support to Appellants.

Very truly yours,

/s/ Christopher C. Taub
Christopher C. Taub
Chief Deputy Attorney General

Word count: 350

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2026, I filed the above document electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record who are registered CM/ECF users.

/s/ Christopher C. Taub

---

[1] Apparently, one of the parents' children has now graduated from high school, the other will graduate in a couple of months, and the third is only in seventh grade. Complaint, ¶¶ 62-63.