# BECKET

*Religious Liberty for All*

1919 Pennsylvania Ave. NW, Suite 400
Washington, D.C. 20006
202-955-0095 / 𝕏 *@becketfund*
www.becketfund.org

April 1, 2026

**VIA CM/ECF**

Anastasia Dubrovsky
Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2500
Boston, MA 02210

**Re:** ***St. Dominic Academy v. Makin,*** **No. 24-1739**
**Notice of Supplemental Authority**

*Chiles v. Salazar*, 607 U.S. \_\_\_ (U.S. March 31, 2026).

Dear Ms. Dubrovsky:

In *Chiles v. Salazar*, the Supreme Court held that a Christian mental-health counselor had pre-enforcement standing to challenge a Colorado law banning "*any* practice or treatment … that attempts … to change an individual's sexual orientation or gender identity" under the First Amendment. Ex. A at 3.

The Court recognized that the counselor "had previously spoken in ways the law now forbids, and she would continue speaking the same way but for Colorado's new law." *Id.* at 4. Although Colorado tried to take "a new and narrowed construction of the statute," under which the counselor's speech might not be proscribed, the Court rejected that gambit because the new construction "seemingly stands at odds with how the State itself understood its law in proceedings below." *Id.* at 5 n.*.

The Court further held there was a credible threat of enforcement because "Colorado has fought this suit" from the beginning and

1



1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

"expressly declined to disavow enforcement. … [N]o more is required under this Court's precedents." *Id.*

The Court then held that Colorado's law is subject to strict scrutiny because it "trains directly on the content of [Chiles's] speech" and "censors speech based on viewpoint." *Id.* at 17, 23.

While Defendants here halfheartedly argue that Plaintiffs lack standing, *see* Resp.23, *Chiles* confirms the opposite. As in *Chiles*, Plaintiffs already engage in religiously motivated conduct that would be prohibited by the MHRA if they were to participate in Maine's program. Br.7-10, 12-14. To the extent Defendants contend that some of Plaintiffs' conduct is not proscribed by the MHRA, Resp.50 n.30, that directly conflicts with the positions they took before the Supreme Court in *Carson, see* Reply.Br.6, 24.

Plaintiffs have also established a likely threat of enforcement. Defendants fought vigorously in *Carson* to exclude religious schools from the tuitioning program. They've continued to fight this lawsuit, and the parallel suit brought by Crosspoint Church, and have never disavowed enforcement in either case. *See id.* at 4-5. Plaintiffs have standing.

Finally, the MHRA violates the Free Speech Clause because it regulates the content of Plaintiffs' speech and singles out religious viewpoints for distinctive treatment. *See* Br.40-41.

1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006

Word Count: 350

Respectfully submitted,

/s/ Adèle Keim

JAMES B. HADDOW
PETRUCCELLI, MARTIN &
  HADDOW LLP
Two Monument Square
  Ste. 900
Portland, ME 04112
(207) 775-2360

ADÈLE AUXIER KEIM
  *Counsel of Record*
Mark L. Rienzi
Benjamin A. Fleshman
Michael J. O'Brien
THE BECKET FUND FOR
  RELIGIOUS LIBERTY
1919 Pennsylvania Ave. N.W.,
  Ste. 400
Washington, DC 20006
(202) 955-0095
*akeim@becketfund.org*

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record (by ECF notification)